## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JASON EDWARD COLE<br>c/o Hux Law Firm, LLC<br>3 Severance Circle #18147<br>Cleveland Heights, OH 44118 | ) CASE NO.<br>)<br>) **JUDGE:**<br>)<br>) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR DAMAGES AND**<br>) **INJUNCTIVE RELIEF** |
| NORFOLK SOUTHERN RAILWAY<br>COMPANY<br>c/o CORPORATION SERVICE COMPANY<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215 | )<br>) **JURY DEMAND ENDORSED HEREIN**<br>)<br>)<br>) |
| Defendant. | |

Plaintiff, Jason Edward Cole, by and through undersigned counsel, as his Complaint against

the Defendant, states and avers the following:

## PARTIES

1. Plaintiff Cole is a resident of the City of Painesville in Lake County, Ohio.

2. Defendant Norfolk Southern Railway Company ("NSR") foreign corporation conducting

   business at W. 150th St. Cleveland, Ohio.

## JURISDICTION AND VENUE

3. Personal jurisdiction is proper over Defendants pursuant to 28 U.S.C § 1331 in that Cole

is alleging a federal law claim arising under, Americans with Disabilities Act, 42 U.S.C. §

12101, *et seq* ("ADA").

4. Venue is properly placed in the United States District Court for the Northern District of

   Ohio, Eastern Division, because it is the district court for the district, division, and county

   within which the Defendant operates and conducts business.

5.      Prior to instituting this action, Cole filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2020-01694, alleging that Defendant and its agents discriminated against him because of his actual or perceived disability.

6.      Cole was mailed his Right to Sue Notice from the EEOC on or about October 27, 2020.

7.      A true and accurate copy of Cole's Right to Sue Notice is attached as Exhibit 1.

8.      Cole has properly exhausted his administrative remedies pursuant to 29 U.S.C. § 626(e).

9.      This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

10.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over all other claims in this Complaint because they arise out of the same case or controversy.


## FACTS

11.    Cole is an employee of NSR.

12.    On August 16, 2004, NSR hired Cole as a Machine Operator.

13.    As a machine operator, Cole ran various heavy equipment for the benefit of NSR.

14.    In or around 2018, NSR attempted to gain access to Cole's complete medical records without his permission.

15.    After Cole informed NSR that he had contacted an attorney and believed that NSR requesting medical records would constitute disability discrimination.

16.    NSR stopped requesting Cole's medical records after this correspondence.

17.    On or about March 17, 2020, NSR contacted Cole and informed him that he was going to be removed from the work schedule until he provided his medical records.

18.    NSR claimed that it needed Cole's medical records to show that he was fit for duty.

19. NSR believed Cole had to show he was fit for duty based on its perception that he was disabled and prone to sleep apnea due to his body mass index, and his actual disability of diabetes.

20. Although Cole has diabetes, it is regularly monitored by him and controlled with medications.

21. NSR claimed that it needed to show Cole was fit for duty, despite Cole's CDL license being valid until November 2020.

22. NSR maintains sick leave benefits for employees like Cole who are taken off work for medical reasons.

23. Cole has not received any benefits from NSR while he has been forced out of work for his actual or perceived disabilities.

24. As of the date of this filing, Cole is still on a forced medical leave because of his actual or perceived disabilities.

25. Cole would not have been placed on a forced medical leave if he did not have actual or perceived disabilities.

26. NSR has not articulated any legitimate reason as to why Cole was placed on a forced medical leave.

27. NSR has not articulated any safety concerns that justify why Cole was placed on a forced medical leave.

## COUNT I:

## DISABILITY DISCRIMINATION IN VIOLATION OF ADA

28. Cole restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

29. Cole suffers from a disability, diabetes.

30. Additionally, Defendant perceived Cole as being disabled because of his BMI and NRS' believe he could have sleep apnea.

31. Cole's diabetes constituted a physical impairment.

32. Defendant perceived Cole's conditions to substantially impair one or more of his major life activities including working.

33. Defendant treated Cole differently than other similarly-situated employees based on his disabling condition.

34. Defendant treated Cole differently than other similarly-situated employees based on his perceived disabling condition.

35. Defendant violated the ADA by discriminating against Cole based on his disabling condition by forcing him on medical leave without pay or benefits although he passed a physical and maintained a valid CDL operator's license.

36. As a direct and proximate cause of Defendant's conduct, Cole suffered and will continue to suffer damages.

## COUNT II:

## <u>DISABILITY DISCRIMINATION IN VIOLATION OF R.C. §4112.02</u>

37. Cole restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

38. Cole suffers from a disability, diabetes.

39. Additionally, Defendant perceived Cole as being disabled because of his BMI and NRS' believe he could have sleep apnea.

40. Cole's diabetes constituted a physical impairment.

41. Defendant perceived Cole's conditions to substantially impair one or more of his major life activities including working.

4

42.     Defendant treated Cole differently than other similarly-situated employees based on his disabling condition.

43.     Defendant treated Cole differently than other similarly-situated employees based on his perceived disabling condition.

44.     Defendant violated R.C. §4112.02 by discriminating against Cole based on his disabling condition by forcing him on medical leave without pay or benefits although he passed a physical and maintained a valid CDL operator's license.

45.   As a direct and proximate cause of Defendant's conduct, Cole suffered and will continue to suffer damages.


## DEMAND FOR RELIEF

WHEREFORE, Cole demands from Defendant the following:

   (a)  Issue a permanent injunction:

   (i)    Requiring Defendant to abolish discrimination, harassment, and retaliation;

   (ii)   Requiring allocation of significant funding and trained staff to implement all changes within two years;

   (iii)  Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

   (iv)  Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Defendant to restore Cole to one of the positions to which she/he was entitled by virtue of his/her application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Cole for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys fees and non-taxable costs for Cole claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

James J. Hux (0092992)
**HUX LAW FIRM, LLC**
3 Severance Circle #18147
Cleveland Heights, Ohio 44118
Phone: (937) 315-1106
Fax:    (216) 359-7760
Email: jhux@huxlawfirm.com

*Attorney for Plaintiff Cole*

## <u>JURY DEMAND</u>

Plaintiff Jason Edward Cole demands a trial by jury by the maximum number of jurors permitted.

_____
James J. Hux (0092992)